UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH G. ALBE** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1511** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY** | **SECTION I** |

### ORDER AND REASONS

Before the Court are cross-motions[1] for summary judgment filed by defendant, Government Employees Insurance Company ("GEICO"), and plaintiff, Joseph G. Albe ("Albe"). Defendant has also filed a motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendant's and plaintiff's motions for summary judgment are **DISMISSED AS MOOT** and defendant's motion for partial dismissal is **GRANTED**.

### *BACKGROUND*

Plaintiff brings this lawsuit pursuant to a policy of automobile liability insurance (the "Policy") issued to him by defendant. On August 27, 2009, plaintiff alleges that he was involved in an automobile accident with Cecilia McMullen that resulted in injury to his shoulder and neck.[2] Plaintiff alleges that his damages incurred as a result of the accident exceed Cecelia McMullen's policy limit.[3] In the instant lawsuit, plaintiff claims that because he submitted proof

---

[1] R. Doc Nos. 14,16.
[2] R. Doc. No. 1, ¶1.
[3] Id. at ¶7.

1

of loss, he is entitled to receive supplemental payment under the underinsured motorist ("UM") provision of the Policy.[4] Plaintiff further requests punitive damages for GEICO's bad faith refusal to make an unconditional tender of payment for plaintiff's damages under the policy.[5]

Defendant originally moved for summary judgment with respect to whether Louisiana or Mississippi law applies to plaintiff's cause of action under the Policy. Since plaintiff and defendant now stipulate that Mississippi law applies, the sole issue before the Court is whether Mississippi law requires a tender which is an immediate unconditional payment made following presentation of a sufficient proof of loss. In the event that the Court finds that Mississippi law does not require a tender, defendant has also moved to dismiss plaintiff's request for punitive damages which is based on defendant's alleged bad faith refusal to make an unconditional tender.

## *LAW AND ANALYSIS*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in Gonzalez v. Kay:

> "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550

---

[4] Id. at ¶6.
[5] Id. at ¶7.

> U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986)).

In moving to dismiss plaintiff's claim for punitive damages, defendant asserts that there is no requirement under Mississippi law for an unconditional tender payment following satisfactory proof of loss. Few courts have addressed the issue of tender in Mississippi, but in Abraham v. State Farm Mutual Auto. Ins. Co., the U.S. Fifth Circuit Court of Appeals acknowledged that Mississippi law does not require a tender. In Abraham, plaintiff was involved in a traffic accident with an uninsured driver. Id. at 610. Following the accident, Abraham submitted a claim to his insurer for UM benefits under his policy. Id. Believing that the accident was not his fault and that his insurer had acted with bad faith in connection with its failure to tender, Abraham sought recovery of damages resulting from the accident and also statutory penalties and attorney's fees. Id.

3

The parties disputed whether Louisiana or Mississippi law applied to the plaintiff's cause of action and the district court concluded that Louisiana law governed. Id. Accordingly, the court permitted plaintiff to continue with his bad faith claim even after the insurance company paid Abraham the policy limits of his UM policy plus interest prior to trial. Id. After a bench trial, Abraham was awarded $40,000 in statutory penalties. Id. The insurer appealed the judgment, arguing that the district court wrongly concluded that Louisiana law applied. Had the court applied Mississippi law, the insurer argued, plaintiff would not have been entitled to punitive damages because under Mississippi law, there was no requirement of a tender and, therefore, the insurer did not act in bad faith by failing to tender.

The issue before the Fifth Circuit was only whether the district court had correctly conducted a choice-of-law analysis; the court was not specifically tasked with addressing whether or not Mississippi law had a tender requirement. However, the Fifth Circuit recognized that it was Mississippi's lack of a tender requirement that created the necessary conflict of law:[6]

> In this case the district court found, and the parties implicitly agree, that there is a true conflict between the relevant provisions of the two states' laws: Louisiana law provides uninsured motorist protection that requires an insurer's tender ) and permits penalties in the absence of tender) **while Mississippi law does not require tender**. Because the two states' laws differ, a statutory choice-of-law analysis is required to identify which state's policies would be most seriously impaired if its law were not applied to this dispute.

Abraham, 465 F.3d at 611 (emphasis added).[7] If Mississippi had a tender requirement, as Louisiana does, there would have been no conflict of law and the appeal would have been moot.[8]

---

[6] Louisiana requires that "insurers…shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." La. R.S. § 22:1892(A)(1). The statute also authorizes penalties, including attorney's fees, for failures to make timely payments. Id. § 22:1892(B)(1); see also Abraham, 465 F.3d at 611 n.3.

[7] Later in its opinion, the court also recognized that "application of Mississippi law in this case only forecloses Abraham's ability to recover a statutory penalty and attorney's fees for bad faith (since State Farm has already paid him the UM policy limit)." Abraham, 465 F.3d at 613-14.

4

Accordingly, the Court finds that Mississippi law does not require a payment of unconditional tender.

Plaintiff argues that despite the lack of a tender requirement under Mississippi law, the complaint on its face establishes a cause of action for bad faith as contemplated in <u>Bankers Life and Casualty Co. v. Crenshaw</u>, 483 So. 2d 254, 269 (Miss. 1986). In <u>Bankers Life</u>, the Mississippi Supreme Court affirmed a judgment of punitive damages against the insurance company, stating that "if the carrier offers no justifiable reason or arguable basis under Mississippi law for denying a valid claim, the issue of punitive damages must be submitted to the jury." <u>Id.</u> at 269.

However, in this case, the basis for plaintiff's request for punitive damages is not a denial of coverage. Rather, plaintiff's claim that punitive damages are appropriate is solely based on defendant's refusal to make an unconditional tender:

> 6. Plaintiff has provided to Defendant a comprehensive proof of loss which consisted of copies of all medical records, billings from his treating doctors, together with a copy of the accident report and an affidavit from Cecilia McMullen confirming the limits of her coverage.  <u>Then on February 9, 2010, Plaintiff requested an unconditional tender as required by law because Plaintiff has presented a sufficient proof of loss of an amount which exceeded the policy limits of Cecilia McMullen.  However, defendant GEICO has refused to make any tender of payment for Plaintiff's damages under the policy.</u>
>
> 7. Although there may be some dispute as to the full extent of Plaintiff's injuries caused by this accident, Plaintiff's damages clearly exceed Cecelia McMullen's policy limits.  <u>Therefore, GEICO's refusal to tender a reasonable amount to Plaintiff constitutes bad faith and an arbitrary and capricious refusal to pay reasonable damages to Plaintiff.  Therefore, Plaintiff requests punitive damages for GEICO's bad faith refusal to make an unconditional tender.</u>

---

[8] Ultimately, the court found that Mississippi law applied and judgment was rendered in favor of the insurance company. <u>Id.</u> at 614.

Since plaintiff is not entitled to an unconditional tender under Mississippi law and since plaintiff has not alleged that defendant actually denied plaintiff's claim, the Court finds that the complaint fails to state a claim for punitive damages upon which relief can be granted.

For the foregoing reasons,

**IT IS ORDERED** that the defendant's and plaintiff's motions[9] for summary judgment are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's motion[10] for partial dismissal is **GRANTED** and that plaintiff's claim for punitive damages in paragraph 7 of the complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 31, 2011.

                                                             _____
                                                             **LANCE M. AFRICK**
                                                             **UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. Nos. 14, 16.
[10] R. Doc. No. 15.